STREET IMPROVEMENT DISTRICT No. 130 OF HOT SPRINGS
*v.* CROCKETT.

Opinion delivered June 2, 1930.

*C. T. Cotham, Murphy & Wood* and *A. T. Davies,* for appellant.

*George P. Whittington,* for appellee.

McHANEY, J. Appellees, property owners in Street Improvement District No. 130 of the city of Hot Springs, Arkansas, hereafter called the district, brought this suit to enjoin the district, its board of commissioners and the contractor, Besler, from performing the contract en-

tered into between the district and Besler for the paving of the street and other improvements contemplated by the district. The complaint alleged that the commissioners advertised for bids to do the work according to the plans and specifications prepared by the city engineer, and that same would be let to the lowest bidder; that the three lowest bidders and the amounts of their bids were, Besler $44,251, Connelly $42,100, and Mooney $40,908; that, although two bids were lower than that of Besler, two of the commissioners, over the objections of the third, awarded the contract to Besler; that the result would be that the property owners would be required to pay more taxes to the extent of the excess of his bid over the lowest; and that this action was without authority in law, and was a fraud on the district. Appellants answered denying all the material allegations of the complaint relative to illegality, unfairness or fraudulent conduct. They denied that they advertised that the contract would be let to the lowest bidder, but that they reserved the right to reject any and all bids; that, in awarding the contract to Besler, they took into consideration a number of factors and elements to be considered in connection with the qualification of bidders, in addition to the amount of the bids, as follows: That Besler's lump sum bid of $44,251.64 was accompanied by a bid on a unit basis with the agreement that, if, on the final estimate of the completed job as measured and determined by the engineer, computed at the unit prices set out in his proposal, the amount thereof should be less than his lump sum bid, the district should have the benefit of the difference. In other words, the lump sum bid was the maximum amount the district would ever have to pay, but, if the amount based on his unit prices should be less, the district would benefit to the extent thereof; that the bid of Besler relieved the district of all liability for extras on account of possible errors of the engineer, which, based on experience in other districts, was a considerable item; that no other

contractor made such a bid, though all had the opportunity to do so; that Besler agreed to give a five-year maintenance bond and his personal bond for an additional five years maintenance; that Mooney failed to include in his bid any agreement to give a maintenance bond whatever, and that Connelly only agreed to maintain the street for five years after completion; and that this guaranty of Besler more than offset the excess amount of his bid over the others. It is alleged that other matters were taken into consideration in awarding the contract to Besler.

On a trial the court entered a decree enjoining the enforcement of the contract for the reason that it was not let to the lowest bidder, was not let on a competitive basis, was not submitted on an equal and full understanding of the kind of bids desired, and that Besler's bid was not in accordance with plans and specifications made by the city engineer, and was therefore void and unenforcible.

We are of the opinion that the trial court erred in so holding. The applicable statute, § 5710, C. & M. Digest, provides that the board "may" advertise for bids for doing any work by contract and may accept or reject any or all such bids. Whether the word "may" as first used in the statute should be construed to mean "shall," and, therefore, mandatory and not directory, we do not decide, as it appears unnecessary. The commissioners did advertise for bids, and the court found that eight persons submitted bids on the proposed work, three of which have already been mentioned. However, we might say in passing, that this court construed this section, which was § 870 of Mansfield's Digest, in connection with § 871 *Ib.*, to be directory merely, and that the board, after rejecting all bids, might let the contract without readvertisement. *Fitzgerald* v. *Walker*, 55 Ark. 148, 17 S. W. 702. Section 871 of Mansfield's Digest, considered in that case, appears to have been repealed and does not now appear in the statutes. There is no provision in

the statute that the contract shall be let to the person whose bid is lowest in terms of money. The language is that the board "may accept or reject any proposals." It is the duty of the board to act at all times for the best interests of the district, but the statute, by giving it the power to accept or reject any proposals, necessarily conferred on the board the discretion to determine which of the bidders, if either, would best accomplish their purpose, taking everything into consideration, including the amount of his bid. Everything else being equal, we are of the opinon that the spirit, if not the letter, of the law, would require the board to let the contract to the lowest bidder. But when, as here, everything else is not equal, when there are other important elements to be considered in connection with the amount of the bid, we think the statute vests in the board the power as well as the duty of determining which of the bidders will best accomplish the purposes of the district. This necessarily involves judgment and discretion, and the courts will not substitute their judgment for that of the board when a mere matter of discretion is involved. As said by this court in *McCrory* v. *Richland Township Road Imp. Dist.*, 171 Ark. 462-4, 284 S. W. 727, "The courts will not undertake to review mere questions of discretion, for the power of the commissioners to act is fully recognized, and the courts will not therefore substitute their judgment for that of the commissioners of the district, when there is involved merely a question of judgment. But when it is made to appear that there was a conscious or reckless indifference to the interests of the district, which the commissioners are supposed to represent, the courts have the right to interfere upon the ground that the commissioners have exceeded the power conferred upon them by law." The inquiry of the court generally "is to determine whether the contract is so improvident as to demonstrate its unreasonableness," as said in *Bowman Eng. Co.* v. *Ark. & Mo. Highway Dist.*, 151 Ark. 47, 235 S. W. 390. Here we think the evidence wholly fails to show

that the board was guilty of "a conscious or reckless indifference to the interests of the district," or that the contract made with Besler was "so improvident as to demonstrate its unreasonableness," and the chancery court did not so find.

We are also of the opinion that the court misconceived the evidence in holding that the bids were not on a competitive basis in that Besler bid on a turnkey job, and the other bidders were not requested to bid on that basis. Commissioner Goslee, testifying for appellees, stated to the contrary. He testified that they were all given an opportunity of checking the work to be done against the engineer's estimates either by themselves or by an engineer of their own choosing for the purpose of making a lump sum bid. Both Connelly and Mooney made such bids, but their lump sum amounts were conditioned on the correctness of the figures furnished by the city engineer.

We also think the court was clearly wrong in holding that Besler's bid was not based on the plans and specifications furnished by the district's engineer. There were no other plans. The fact that Besler employed another firm of engineers to make a check of the work against the engineer's estimates was for the purpose of enabling him to make an accurate lump sum bid without any strings tied to it.

We have carefully reviewed all the evidence in the case, and find that the decree is not supported by a preponderance thereof. Same will therefore be reversed, and the cause dimissed. It is so ordered.

HART, C. J., HUMPHREYS, and KIRBY, JJ., dissent.